**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

GERMAN HENRIQUEZ GARCIA,

Petitioner,

v.

SERGIO ALBARRAN, et al.,

Respondents.

Case No.  26-cv-04839

**ORDER GRANTING *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER**

[Re: ECF No. 4]

Before the Court is Petitioner German Henriquez Garcia's *ex parte* application for temporary restraining order ("TRO").  ECF No. 4; *see also* ECF No. 4-1 ("App.").  Counsel for Mr. Garcia has attached an accompanying declaration to the application.  ECF No. 4-2 ("Decl.").  On May 21, 2026, Mr. Garcia filed a petition for writ of habeas corpus against Respondents Field Office Director of the San Francisco Immigration and Customs Enforcement ("ICE") Office Sergio Albarran, Acting ICE Director Todd Lyons, Secretary of the United States Department of Homeland Security ("DHS") Markwayne Mullin, and Acting Attorney General of the United States Todd Blanche.  ECF No. 1 ("Pet.").

For the following reasons, the application is GRANTED.

**I.    BACKGROUND**

According to the petition, Mr. Garcia is a former Temporary Protected Status ("TPS") holder from El Salvador with no criminal history who entered the United States as a child in 2000.  About a year after he entered, his parents applied for TPS, and the application was granted.  He renewed his TPS on at least six occasions, but his TPS lapsed during the COVID-19 pandemic because he could not afford to pay the fee.  Mr. Garcia is married to a United States citizen, with whom he has four children (ages 9, 8, 6, and 4), all of whom are also United States citizens.

On May 21, 2026, Mr. Garcia was riding as a passenger in the car with his brother on his way to his landscaping job. The car was pulled over by what looked like police officers, but ICE officers also arrived to the site of the stop. The officers indicated that they were looking for Mr. Garcia's brother, who, after confirming his identity, was immediately arrested. The officers then asked Mr. Garcia for his name and information, then ICE officers arrested him too. Mr. Garcia is currently detained at the ICE facility at 630 Sansome in San Francisco. Mr. Garcia has no criminal history, and to his knowledge he has never been called into ICE for check-ins.

## II.     LEGAL STANDARD

The standard for issuing a temporary restraining order is substantially identical to the standard for issuing a preliminary injunction. *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017). Thus, a party seeking a temporary restraining order must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. A "TRO 'should be restricted to . . . preserving the status quo and preventing irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing, and no longer.'" *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974)).

## III.     DISCUSSION

As a preliminary matter, the Court has no trouble in finding that the requirements for issuing a TRO without notice are met here. *See* Fed. R. Civ. P. 65(b)(1). Mr. Garcia's counsel has set out specific facts showing that immediate and irreparable injury, loss, or damage may result before the adverse party can be heard in opposition.

Mr. Garcia has demonstrated a likelihood of success on the merits of his claim that his ongoing detention violates his procedural due process rights under the Fifth Amendment.

United States District Court
Northern District of California

2

Mr. Garcia has a substantial interest in remaining out of custody, and the Due Process Clause entitles Mr. Garcia to a bond hearing before an immigration judge prior to any arrest or detention. *See Ayala v. Albarran*, No. 26-cv-03092-BLF, 2026 WL 1179862, at \*4 (N.D. Cal. Apr. 30, 2026) (applying the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976), to similar circumstances).

Mr. Garcia's TPS status represents a determination by the Government that he was neither a flight risk nor a danger to the community, and he has a strong interest in remaining at liberty unless he no longer meets those criteria. *See, e.g.*, *Kharitonova v. Albarran*, No. 26-cv-01362-JSC, 2026 WL 531441, at \*2 (N.D. Cal. Feb. 25, 2026) (Although the government did not detain and then release [Petitioner], it made a decision *not* to detain [Petitioner] in the first place; Petitioner thus has the same liberty interest in her continued freedom as an individual initially detained."). In this case, the Court finds that Mr. Garcia "acquired a protected liberty interest in his continued release where the respondents had chosen not to detain the petitioner upon expiration" of his TPS status. *Njafuh v. Andrews*, No. 26-cv-03436-DAD-AC, 2026 WL 1346860, at \*1 (E.D. Cal. May 14, 2026).

Moreoever, Mr. Garcia has been in the United States since childhood, has lived here for decades, and was arrested in Northern California on the way to work. Courts addressing similar circumstances have repeatedly held that detention in such cases is governed by § 1226(a), not § 1225(b)(2), and that due process demands immediate release and a hearing prior to any further detention. *See, e.g.*, *Cuy Comes v. DeLeon*, No. 25-cv-09283-AT, 2025 WL 3206491, at \*3 (S.D.N.Y. Nov. 14, 2025). On this record, no evidence indicates that Mr. Garcia no longer meets those criteria, and thus he has a strong likelihood of success on the merits.

Mr. Garcia has also demonstrated a likelihood of irreparable injury in the absence of temporary relief. The likely unconstitutional deprivation of liberty that Mr. Garcia faces is an immediate and irreparable harm. "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) (quoting *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)). "[I]t follows inexorably from [the] conclusion" that Mr. Garcia's detention without a hearing is "likely

unconstitutional" that he has "also carried [her] burden as to irreparable harm." *Hernandez*, 872 F.3d at 995.

The final two *Winter* factors, the balance of the equities and public interest, also weigh heavily in favor of granting temporary relief. "'[T]he public has a strong interest in upholding procedural protections against unlawful detention,' and the Ninth Circuit has recognized that '[t]he costs to the public of immigration detention are "staggering."'" *Jorge M. F. v. Wilkinson*, No. 21-cv-01434-JST, 2021 WL 783561, at *3 (N.D. Cal. Mar. 1, 2021) (second alteration in original) (first quoting *Ortiz Vargas v. Jennings*, No. 20-cv-5785-PJH, 2020 WL 5074312, at *2 (N.D. Cal. Aug. 23, 2020), then quoting *Hernandez*, 872 F.3d at 996). Meanwhile, the potential harm to the Government is minimal: The Government, at most, faces a short delay in detaining Mr. Garcia if it ultimately demonstrates, by clear and convincing evidence, that his detention is necessary to prevent danger to the community or flight. *See Jorge M. F.*, 2021 WL 783561, at *3; *Diaz v. Kaiser*, No. 25-cv-05071-BLF, 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025). The Government is not "harmed in any legally cognizable sense by being enjoined from constitutional violations." *Zepeda v. U.S. Immigr. & Nat. Serv.*, 753 F.2d 719, 727 (9th Cir. 1983). The balance of hardships thus tips decidedly in Mr. Garcia favor.

A TRO immediately releasing Mr. Garcia is appropriate to return him to the status quo. *E. Bay Sanctuary Covenant*, 932 F.3d at 779. The status quo refers to "the last uncontested status which preceded the pending controversy." *Doe v. Noem*, 778 F. Supp. 3d 1151, 1166 (W.D. Wash. 2025) (quoting *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000)). That is the moment prior to Mr. Garcia's likely illegal detention. *See Mena v. Albarran*, No. 26-cv-04749-BLF, 2026 WL 1409845, at *3 (N.D. Cal. May 20, 2026) (requiring petitioner's immediate release as a restoration of the status quo).

Because Mr. Garcia satisfies all requirements for temporary injunctive relief and such relief is necessary to restore the status quo, the application is GRANTED.

## IV.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

United States District Court
Northern District of California

4

(1) Mr. Garcia's application is GRANTED to preserve the status quo pending further briefing and a hearing on this matter.

(2) Respondents are ORDERED to release Mr. Garcia immediately from Respondents' custody and ENJOINED AND RESTRAINED from re-detaining Mr. Garcia without notice and a pre-deprivation hearing before a neutral decisionmaker.  Respondents are ENJOINED from removing Mr. Garcia from this judicial district, and, if they have already transferred him, are ORDERED to return him to this judicial district.

(3) Respondents are PROHIBITED from removing Mr. Garcia from the United States until these proceedings have terminated.

(4) Respondents are PROHIBITED from imposing new conditions of release, such as electronic monitoring and in-person or virtual check ins.

(5) Respondents are ORDERED to return any of Mr. Garcia's personal property confiscated upon his arrest.

(6) Respondents are ORDERED TO SHOW CAUSE in-person at a hearing in the courtroom of the assigned Judge, or as otherwise ordered by that Judge, at 9:00 a.m. on June 4, 2026, why a preliminary injunction should not issue.  Respondents SHALL file a response to Petitioner's motion by no later than May 27, 2026.  Any reply SHALL be filed by May 29, 2026.  The assigned Judge may modify this schedule as appropriate.

(7) Mr. Garcia SHALL serve Respondents the summons, petition, and this order by May 22, 2026, at 12:00 p.m.  Service by email is permitted.  Respondents SHALL file a status report regarding compliance with this order by May 22, 2026, at 5:00 p.m.

(8) This Order shall remain in effect until 11:14 p.m. on June 4, 2026.

Dated:  May 21, 2026, at 11:14 p.m.

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

5